UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV40 CAS |
| | ) | (TIA) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Reverse and Remand [Doc. #12]. The suit involves an application for Supplemental Security Income under Title XVI of the Social Security Act. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

## Procedural History

On May 23, 2006, Plaintiff filed an application for Supplemental Security Income. (Tr. 65-69) The applications was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 41-47, 52-53) After a June 18, 2008 hearing, the ALJ issued a Decision on October 30, 2008, finding that Plaintiff was not disabled. (Tr. 14-40) On May 27, 2010, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-3) Thus, the ALJ's decision is the final decision of the Commissioner.

## Discussion

On July 19, 2010, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on September 28, 2010. On October 7, 2010, Defendant filed a Motion to Reverse and Remand pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff notified the Court that she has no objection to Defendant's motion.

In the motion, Defendant asserts that, after careful review of the case and prior to briefing, agency counsel requested that the Social Security Administration Appeals Council reconsider the Commissioner's decision. Upon reconsideration, the Appeals Council determined that remand was appropriate for further consideration of Plaintiff's claim. In addition, Defendant avers that upon receipt of the Court's remand order, the Appeals Council will remand the case to the ALJ with instructions to obtain supplemental evidence from a vocational expert.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

The undersigned has reviewed the record in light of Defendant's assertions in his motion to remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that, in addition to exertional impairments, the ALJ

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Plaintiff has no objection to such motion.

determined that Plaintiff had nonexertional impairments including obesity and mild mental retardation. The ALJ then proceeded to rely on the Medical-Vocational Guidelines to determine that Plaintiff was capable of performing light work. Although an ALJ may rely on the Grids where nonexertional impairments do not significantly diminish a plaintiff's RFC to perform the full range of activities, "'persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.'" Sieveking v. Astrue, No. 4:07CV986 DDN, 2008 WL 4151674, at *6 (E.D. Mo. Sept. 2, 2008) (quoting Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997)). The ALJ's reliance on the Grids contradicts not only the RFC finding, which specifically includes mental limitations and limitations due to obesity, but also contradicts the initial finding that Plaintiff's severe impairments include obesity and mild mental retardation. See Sieveking, 2008 WL 4151674, at *7 (remanding case for VE testimony where ALJ included plaintiff's avoidance of complex work in the RFC).

In light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. On remand, the ALJ should obtain supplemental evidence from a vocational expert. Because Defendant agrees that the case should be remanded, and Plaintiff has no objection, Defendant's motion to reverse and remand under sentence four should be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand [Doc. #12] be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right

to appeal the questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).


                                                                               /s/ Terry I. Adelman  
                                                         UNITED STATES MAGISTRATE JUDGE


Dated this  19th  day of October, 2010.